UNITED STATES DISTRICT COURT
EASTERN DISTRICT of NEW YORK

Brandon Lisi (Inmate Reg. No. 62739-054),
Plaintiff,

-VS-

Federal Bureau of Prisons, United States of America, Department of Justice, John Doe #1-#10, Jane Doe #1-#10, XYZ Entities #1-#10,
Defendants.

Case No. CV-19-7317
(JURY TRIAL DEMANDED)

AZRACK, J.
TOMLINSON, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2020 ★
LONG ISLAND OFFICE

RECEIVED
DEC 30 2020
EDNY PRO SE OFFICE

COMPLAINT
(Prisoner complaint)

The complaint of Brandon Lisi for personal injury resulting from the Bureau of Prisons negligence (federal tort claim, 28 U.S.C. 2671, ET SEQ.) and from the Violation of Title VII of Civil Rights Act Section 1983 Respectfully shows:

PARTIES, JURISDICTION AND VENUE

1. Brandon Lisi is an inmate currently in the custody of the Federal Bureau of Prisons (hereinafter "BOP"), and is currently incarcerated at the Metropolitan Detention Center (hereinafter "MDC"), in Brooklyn, NY, Eastern District of New York, and brings this instant proceeding

2. Brandon Lisi (hereinafter "Plaintiff") inmate number 62739-054, Prior to his incarceration was a resident of and in the Eastern District of New York, the same jurisdiction that plaintiff intends on living and residing upon his release from prison.

3. The BOP is the named Defendant herein and is an agency of the United States of America, as well as a Bureau within the Department of Justice, (hereinafter "DOJ), also named defendant herein.

1

4. The United States of America is the governing principal of the BOP and the Department of Justice and is a named Defendant herein, which is the creator of the laws and rules that the BOP and DOJ abide by, and which provides the funds which the BOP and DOJ as agents operate with.

5. Defendants John Doe #1 through John Doe #10, Jane Doe #1 through Jane Doe #10, and XYZ entities #1 through XYZ entities #10 are names unknown, at this time to Plaintiff, the persons or companies if any having or claiming an interest in or lien upon the subject premises described herein, and/or being liable to the Plaintiff in some form and amount.

6. This Court has jurisdiction to hear and preside over these proceedings given that Administrative Claim No. TRT-NER-2019-01453, was properly and timely received by and filed with the U.S. DOJ, BOP and United States of America on December 13, 2018, and was accepted and considered for settlement as provided by the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. Sec. 2672, and as such was filed in compliance with 28 C.F.R. Sec. 543. Said claim was denied thereafter by letter dated June 14, 2019, and mailed (postmarked) on June 20, 2019, and as such the instant action is timely commenced within the applicable six (6) month time frame.

7. This Court also has jurisdiction to hear and preside over these proceedings because the United States of America, the DOJ, and the BOP, amongst others are parties to this action.

8. This Court also has jurisdiction to hear and preside over these proceedings under 42 U.S.C. Sec. 1983 and under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), since this claim arises in part from a violation of Plaintiffs Civil and Constitutional Rights and because Plaintiff has complied with the Prison Litigation Reform Act (hereinafter "PLRA"), 42 U.S.C. Sec. 1997e(a).

9. Venue of this action is properly placed in the Eastern District of New York pursuant to 28 U.S.C. 1391.

## RELEVANT FACTS

10. Plaintiff Lisi has encountered a maxillary cyst that was operated on in Scranton, July 6, 2015 (while at SCP Canaan and over a year after surrendering)

11. Prior to incarceration Plaintiff had been evaluated at Sloan Kettering where a treatment plan for the removal of the cyst was Recommended. It included an extraction of Tooth #14, followed by a marsupialization procedure, which cuts into the cyst and sutures the edges to form a continuous surface from the exterior surface to the interior surface.

12. By doing this type of surgery, bone would be able to grow back into the space left from the surgically extracted tissue.

13. The care needed for this healing would require daily changing of packing and irrigation of the area to allow the tissue slowly fill the area that was left by the cyst.

14. Despite knowledge of the recommended procedure from the Sloan Kettering Specialists, the Scranton Surgeon cut above the gum line and removed the cyst, bone, and part of the sinus.

15. The decayed tooth was left in place, eventually causing the root to snap and create more damage.

16. As the physician did not marsupialize the cyst as recommended, the bone removed is not able to grow back and has left Plaintiff's face permanently disfigured.

17. This reckless and most notably ill-advised surgical decision so poorly performed by the BOP affiliated physician has resulted in a saga of additional medical issues for the Plaintiff.

3

18. Those problems were exacerbated just weeks after surgery, Plaintiff was brought to court in New York on a writ to answer for a new indictment.

19. This resulted in a stay at the MDC in Brooklyn and after returning to Canaan, Plaintiff was placed in the Special Housing Unit (i.e., "the hole") in administrative segregation. Plaintiff remained in isolation for roughly two months pending reclassification and transfer.

20. The new pending charges raised the Plaintiff's security from minimum (camp) to low and Plaintiff had to be moved to a Secure Federal Correctional Institution.

21. Plaintiff was eventually re-designated and moved to the Federal Correctional Institution at Ft. Dix, NJ. Plaintiff's complaints about pain and needed follow up care went largely ignored after suffering from several post-operative complications after Plaintiff's transfer to Ft. Dix. SCP Canaan is a small benign prison camp of 120 inmates. FCI Ft. Dix housed 4000 inmates and is anything but benign.

22. An inmate advocate on behalf of the Plaintiff routinely contacted the healthcare officials at the BOP's regional office in Philadelphia to take notice and after about a year the plaintiff underwent a subsequent biopsy (due to persistent pain and swelling) which revealed "Chronic fibrosis and inflammatory reaction", i.e., a persistently inflamed area of sinus.

23. The proximity of his surgery to his eye and brain has become significant.

24. In the Spring of 2017 a note was entered into the Plaintiff's medical record which stated the Plaintiff was followed by the oral-maxillary surgeon in 01/2017 (biopsy - chronic fibrosing and inflammatory reaction).

4

25. Plaintiff's face is permanently disfigured on the left side, bone and sinus are missing. Plaintiff's field of view has been negatively altered as a result. Plaintiff's left eye has developed a pulsar that will not go away (purple in color from Plaintiff's view of it out to the world). Plaintiff's speech has been effected. Plaintiff's sense of smell is gone and or greatly diminished, and Plaintiff's jaw is uneven. Plaintiff is in constant pain.

26. When Plaintiff arrived at Canaan on June 19, 2014 the cyst was the size of a marble, but by the time the sent the Plaintiff for surgery in Scranton on July 6, 2015 the cyst had grown to the size of a plum and had pierced the sinus cavity.

27. The BOP allowed 382 days for a non-violent inmate to suffer crucial pain, allowing a cyst to grow significantly in size to the point where it is piercing the sinus cavity, before ever attempting to resolve the issue medically. If that is not irresponsible enough, the physician then "botches" the surgery.

28. Destruction caused by not doing the surgery the way Sloan Kettering recommended left Plaintiff permanently disfigured, with additional eye, speech, smell, taste and alignment problems. It is affecting Plaintiff's ability to keep track on the page the Plaintiff's reading, as well as the pain its causing.

29. After several unsuccessful attempts to resolve these issues through BOP staff (as protocol demands), Plaintiff filed BP-8's, BP-9's, BP-10's, and BP-11's (administrative remedy forms pursuant to the PLRA) as early as July 2017 and continuing thereafter. As of the commencement of this action, Plaintiff has yet to receive an adequate response to same.

30. Plaintiff was transferred from FCI Ft. Dix to MDC Brooklyn on July 9, 2019. To date Plaintiff's medical issue herein has not been addressed by MDC staff properly, if at all, and as such the Plaintiff's maxilla and related issues are continuous, worsening, and ongoing, and have not been addressed or resolved by the BOP, thus causing Plaintiff further damage.

5

31. The basis of Plaintiff's claim is that Plaintiff is still experiencing and have been continuously experiencing advanced and worsening issues with Plaintiff's left upper maxilla, left eye, sense of smell and taste, and speech, as well as feeling numbness in some areas of the left side of Plaintiff's face and pain in other areas of the left side of Plaintiff's face (upper left jaw and below the left eye) and left sinus due to the improper/botched and delayed surgeries conducted on the Plaintiff that were provided by the BOP while Plaintiff was at Camp Canaan and thereafter while at Ft. Dix (Cooper University Hospital on or about December 26, 2016), and again on or about January 8, 2017, ongoing through July 5, 2017 including on or about October 16, 2018 through to present day.

32. The delays caused the cyst/mass to grow from the size of a marble to the size of a plum and to invade and pierce Plaintiff's sinus cavity causing the removal and loss of part of Plaintiff's left sinus and bone. The failure of the BOP to provide the proper "Marsupialization" Surgery followed by "Packing" was the direct result of the loss of bone, sinus, and other losses and injuries as well.

33. I request full and adequate monetary compensation for the negligence and lack of adequate medical care that the BOP failed to provide the Plaintiff to resolve these issues, to include the costs of reconstructive facial surgery, in addition to compensation for the resulting loss of bone, sinus, senses, disfigurement, Plaintiff's pain and suffering and permanent damage.

## FIRST CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through Paragraph 33 inclusive, as if fully set forth at length herein.

35. Defendants owed a duty to Plaintiff to provide Plaintiff with adequate medical care, since Plaintiff was and is in the custody of the BOP during all relevant time periods at issue herein.

36. Defendants breached the duty owed to Plaintiff by failing to provide Plaintiff with timely and adequate medical treatment, including but not limited to the failure of the BOP to have marsupialization surgery performed on Plaintiff followed by the packing of the wound and by the over one year delay on the part of the BOP in sending Plaintiff out for surgery, along with the BOP's failure to provide Plaintiff with additional procedures and medical treatments to this day.

37. Defendants' breach of duty owed to Plaintiff is the direct and proximate cause of not only Plaintiff's injuries to his person as described in detail above, but also is the direct and proximate cause of the worsening, ongoing, and continuous personal injuries that Plaintiff experiences daily.

38. But for Defendants' neglegance, Plaintiff would not have sustained and would not continue to sustain the damages and injuries to his person as set forth in detail above.

39. As a result of the aforementioned, Defendants have damaged Plaintiff, and as such are liable to Plaintiff in an action sounding in neglegence.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through Paragraph 39 inclusive, as if fully set forth at length herein.

41. As a result of Defendants' ordering the improper surgery be performed on Plaintiff, Defendants have intentionally caused the unauthorized touching of the Plaintiff which resulted in the Plaintiff sustaining damages as set forth above.

42. As a result of Defendants' actions, Defendants are liable to Plaintiff for assault.

7

## THIRD CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through 42 inclusive, as if fully set forth at length herein.

44. As a result of the Defendants' aforementioned delay, to this day in providing plaintiff with adequate medical care the Defendants have demonstrated a deliberate indifference to Plaintiff and to Plaintiff's medical needs.

45. As such, Defendants are liable to plaintiff in an action otherwise known as a bivens claim.

## FOURTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through paragraph 45 inclusive, as if fully set forth at length herein.

47. As a result of Defendants' failure to provide Plaintiff with timely and adequate medical care, Plaintiff has suffered and continues to suffer and endure extreme pain resulting from the medical issues set forth in detail above.

48. This fact combined with the fact that plaintiff remains in custody of the BOP gives rise to Defendants being liable for a violation of Plaintiff's civil rights, including but not limited to, the Constitutional violation by Defendants of Plaintiff's eighth ammendmend protection and right against cruel and unusual punishment.

WHEREFORE, Plaintiff Brandon Lisi, demands judgment against Defendants: on the First cause of action, on the Second cause of action, on the third cause of action, and on the fourth cause of action in an amount of no less than $30,000,000.00 (thirty million dollars), together with interest including the costs and disbursments of this action as well as incidental damages, consequential damages, Punative damages, and Fees, together with such other and Further relief as this courts deems to be just and proper and equitable.

Dated: December 11, 2019
Brooklyn, NY

*Brandon Lisi*
Brandon Lisi (Inmate No. 62739-054)
Plaintiff, Pro Se
Metropolitan Detention Center
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

9